UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX PIENIAZEK OBSHATKO,

Plaintiff,

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY,

Defendant.

Case No. 26-14281
Honorable Laurie J. Michelson

**ORDER FINDING SHOW CAUSE ORDER SATISFIED [7] AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [4]**

Alex Obshatko filed a *pro se* lawsuit against the Federal Emergency Management Agency. (ECF No. 1.) He also filed an application to proceed without prepaying fees or costs. (ECF No. 4.) Shortly after filing his complaint, the Court directed Obshatko to show cause under Federal Rule of Civil Procedure 11 because the Court had "legitimate concerns that [he] is using generative AI to litigate this case without conducting the necessary oversight to file documents in federal court." (ECF No. 7, PageID.28.) Obshatko timely complied with that directive, explaining that he "did use ChatGPT to do the primary filing, based on a thesis and research [he] did [him]self" and that he "did read it over and as far as [he] understand[s] the law matters are factual and accurate." (ECF No. 9, PageID.39.)

The Court finds this response satisfactory, and thus its order to show cause satisfied, but reminds Obshatko that by filing any "pleading, written motion, or other

paper" with the Court, he is "certifying that to the best of [his] knowledge" the court filing is made in good faith and has a reasonable legal and factual base. Fed. R. Civ. P. 11(b). This rule expressly applies to *pro se* litigants and attorneys alike. Fed. R. Civ. P. 11(b) (applying to any "attorney or unrepresented party"). And using generative AI does nothing to displace the requirement. *Muscat v. United States*, No. 25-13019, 2026 WL 2446631, at *1 (E.D. Mich. Aug. 20, 2026) ("[T]he use of generative AI when drafting legal filings is a very risky practice, as pro se litigants and attorneys are still subject to the requirements of [Rule] 11(b)(2) with respect to pleadings, motions, and other documents they sign and submit to the Court."). Relatedly, the Court will not tolerate the filing of any materials prepared with the use of generative AI that contain fabricated or non-existent facts, law, or other information.

The Court now turns to Obshatko's application to proceed without prepayment of fees and costs. (ECF No. 4; *see also* ECF No. 7, PageID.29 (holding application in abeyance pending satisfaction of the show-cause order).) To start, the Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). A showing of absolute destitution is not required. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant

question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. In determining eligibility, courts typically look to income, expenses, and "any other property or assets the person may possess," including equity in real estate and automobiles. *Giles v. Comm'r of Soc. Sec.*, No. 14-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014); *see Carroll v. Onemain Fin. Inc.*, No. 14-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citing *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D.D.C. 2004)); *Glover v. Colvin*, No. 14-00216, 2015 WL 417988, at *2 (E.D. Ky. Jan. 30, 2015). Proceeding without prepayment of fees or costs is a privilege, not a right, and "[t]he decision whether to grant a request . . . is committed to the discretion of the district court." *Glover*, 2015 WL 417988, at *1 (quoting *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)).

The Court has reviewed Obshatko's application and finds that he does not meet the indigency standards. Applications to proceed without prepaying fees or costs "have been denied where an applicant's assets exceed the cost of filing the complaint." *Beres v. Comm'r of Soc. Sec. Admin.*, No. 14-01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (collecting cases); *Gencyuz v. Comm'r of Soc. Sec. Admin.*, No. 18-11397, 2018 WL 4524117, at *1 (E.D. Mich. May 4, 2018); *see, e.g.*, *Hines v. Comm'r of Soc. Sec. Admin.*, No. 17-2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) ("At a balance of $451.92 Plaintiff's savings and checking accounts contains enough money to pay the filing fee."). The filing fee is $405.00,[1] and Obshatko's earnings and

[1] This fee consists of a $350.00 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a)–(b); *District Court Miscellaneous Fee Schedule*, U.S. Cts., provision 14 (eff. Dec. 1, 2023), https://perma.cc/8PVS-N7MY.

assets exceed that amount. For one, he indicates that he receives $17,000 in take-home pay/wages. (ECF No. 4, PageID.11.) For another, he indicates that he has $3,000 in cash or a checking/savings account, and a stock portfolio worth around $23,000. (*Id.* at PageID.11–12.) And he lists no expenses. (*See id.*) Because "financial ability has been found, and thus . . . applications denied, where the applicant's assets were less than those shown in this application," *see Carroll*, 2015 WL 404105, at *3 (collecting cases), the Court finds Obshatko has not demonstrated he is unable to pay the filing fee.

Thus, Obshatko's application to proceed without prepaying fees or costs (ECF No. 4) is DENIED. As a result, by November 25, 2026, Obshatko must pay the full civil filing fee of $405.00 to the Clerk of Clerk. Failure to respond by the deadline may result in dismissal of this action. Fed. R. Civ. P. 41(b).

Obshatko is forewarned that, should he fail to comply with the Court's Order within the deadline specified, any limitations period applicable to this action will no longer be tolled and the case may be dismissed. Additional resources for *pro se* litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* Representing Yourself, United States District Court E.D.M.I, https://perma.cc/74U7-HMXR.

IT IS SO ORDERED.

Dated: November 19, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE